**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4286

ROCKY LEE STALEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-301)

Submitted: November 9, 1999

Decided: November 22, 1999

Before MURNAGHAN, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Robert A.J. Lang,
Assistant United States Attorney, Laura Gendy, Third Year Law Stu-
dent, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rocky Lee Staley was convicted pursuant to his guilty pleas of making a false statement to a firearms dealer in order to obtain a fire-arm (18 U.S.C. § 922(a)(6) (1994)) and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1) (1994)). Staley alleges on appeal that the district court's upward departure under USSG § 4A1.3, p.s.,[1] was unreasonable. Finding no reversible error, we affirm.

Staley, who was twenty-three years old at the time of the current offenses, had over forty adult convictions, dating back to when he was sixteen. The probation officer assigned twenty-five criminal his-tory points and placed Staley in the highest criminal history category, Category VI.[2] The district court agreed with the government at sen-tencing that Staley's significant criminal history warranted an upward departure pursuant to USSG § 4A1.3, p.s. Noting that Staley had twelve points more than the minimum required for Category VI, the district court moved vertically down the sentencing table one level for

_____

[1] **U.S. Sentencing Guidelines Manual** (1998). This section allows the sentencing court to depart upward from the normal sentencing range when the defendant's criminal history category does not adequately reflect the seriousness of his past criminal behavior or the likelihood that he will commit other crimes.

[2] Staley challenged four of these points at sentencing, and he claims on appeal that the court agreed that his objections were technically correct. We find that Staley misunderstands the record. Our review shows that the district court decided not to address the merits of Staley's challenge because there were numerous other convictions which were not counted toward his criminal history score due to limitations imposed by the Guidelines but which could be considered when determining the extent of an upward departure. The court ultimately adopted the probation offi-cer's assessment of twenty-five points.

every three criminal history points above thirteen, for a total of four levels.

On appeal, Staley concedes that the district court had the authority to depart in his case. He also admits that the district court used an approved formula (i.e., one level for every three criminal history points). Staley nevertheless argues that the departure in his case was unreasonable because (1) his record does not contain the type of egregious conduct contemplated by the Sentencing Commission; (2) the court considered the four points he challenged; (3) it was greater than what we have approved in prior cases; and (4) the district court failed to explain why bypassed levels were inadequate.

We review the district court's decision to depart upward for an abuse of discretion and find none. See United States v. Hairston, 96 F.3d 102, 105 (4th Cir. 1996). An important part of our review is a determination that the extent of the departure was reasonable. See United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992).

Contrary to Staley's assertions, his conduct was exactly the type envisioned by the Commission, and we find that the district court properly considered the factors outlined in USSG§ 4A1.3, p.s. In addition to the sheer number of prior convictions, the court noted that there were multiple convictions for assault, burglary, carrying a concealed weapon, and reckless driving. Moreover, the court correctly concluded that the large number of convictions occurring in a relatively short period of time suggested a propensity to commit future crimes. In short, we concur with the district court's finding that Staley engaged in a repeated pattern of serious misconduct.

We further find that the district court properly considered intervening levels in arriving at its final sentence. The court explained the formula it was going to use and identified the sentencing range at each bypassed level. In addition, the court discussed the sentence at length with counsel and allowed Staley to speak in his own behalf. The court ultimately found that only a four-level increase would adequately account for the twelve "extra" criminal history points.

Staley's remaining claims are equally without merit. As discussed earlier, the record does not support his claim that the district court

3

agreed with his challenge concerning four of his criminal history points. Finally, we usually do not compare sentences in unrelated cases, and we find nothing here to warrant an exception from this general rule.

We therefore affirm Staley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED